IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-493

 Nos. COA21-140, COA21-141

 Filed 21 September 2021

Cabarrus County, 20 CVD 2006, 20 CVD 2007

D.C., and J.M., Guardian Ad Litem for minor child D.C., Plaintiff,

 v.

D.C., Defendant.

E.C., and J.M., Guardian Ad Litem for minor child E.C., Plaintiff,

v.

D.C., Defendant.

 Appeals by Plaintiffs from orders entered 23 September 2020 by Judge S. A.

Grossman in Cabarrus County District Court. By order entered 12 March 2021 this

Court allowed cases COA21-140 and COA21-141 to be consolidated for purposes of

hearing only. This Court now orders that COA21-140 and COA21-141 be

consolidated for decision in this opinion. Heard in the Court of Appeals 10 August

2021.

 Hartsell & Williams, P.A., by Austin “Dutch” Entwistle III, for plaintiffs-
 appellants.

 No appellee brief filed.
 D.C. V. D.C.; E.C. V. D.C.

 2021-NCCOA-493

 Opinion of the Court

 MURPHY, Judge.

¶1 When a trial court sits without a jury in a hearing regarding a motion for a

 domestic violence protection order under Chapter 50B of our General Statutes, Rule

 52(a)(1) of the North Carolina Rules of Civil Procedure requires the trial court to

 make findings of fact, as well as separately state its conclusions of law based on those

 findings of fact. After making the required findings of fact and conclusions of law,

 the trial court “shall” direct the entry of the appropriate judgment.

¶2 Here, after a consolidated hearing without a jury, the trial court failed to make

 any findings of fact in its orders denying Plaintiffs’ motions for domestic violence

 protective orders against Defendant. We vacate the trial court’s orders in this matter

 and remand for the entry of findings of fact by the trial court, followed by appropriate

 conclusions of law.

 BACKGROUND

¶3 Plaintiffs D.C.1 and E.C., who are minors, each filed a Complaint and Motion

 for Domestic Violence Protective Order against their biological father’s wife,

 Defendant D.C., on 16 July 2020. The hearing regarding whether to grant a Domestic

 Violence Protective Order (“DVPO”) was consolidated. At the time of the hearing, a

 1 Abbreviations are used for all relevant persons throughout this opinion to protect

 the identity of the juveniles and for ease of reading.
 D.C. V. D.C.; E.C. V. D.C.

 2021-NCCOA-493

 Opinion of the Court

 Chapter 50 custody dispute was ongoing between Plaintiffs’ biological mother, J.M.,

 and Plaintiffs’ biological father, D.C.

¶4 In their nearly identical Complaints, Plaintiffs alleged:

 [Defendant] has repeatedly gotten right in [Plaintiffs’]
 face[s] screaming as loud as she can as [to] how she wants
 to knock [Plaintiffs’] teeth out or otherwise do bodily harm
 to [Plaintiffs]. [Plaintiffs] have witnessed [Defendant] hit
 [Plaintiffs’ biological father] and also hit her grandson [].
 The most recent time [Defendant] got in [Plaintiffs’] face[s]
 yelling and threatening [them] was on or about [8 July
 2020]. [Plaintiffs are] afraid for [their] safety and in fear
 of continued harassment such that [they are] suffering
 substantial emotional distress and don’t want [Defendant]
 to be around [them] at all anymore. Besides [] witnessing
 [Defendant] actually hitting or otherwise physically
 attacking [their biological father] and her grandson,
 [Defendant] has destroyed property in fits of rage at least
 in part to intimidate [Plaintiffs]. [Defendant] has
 repeatedly acted [to invoke fear in Plaintiffs] and it has
 been successful. [Plaintiffs are] in fear for [their]
 [lives]from [Defendant].

¶5 The trial court granted an Ex Parte Domestic Violence Order of Protection for

 each Plaintiff on 17 July 2020 (“Ex Parte Orders”), which prohibited Defendant from

 contact with Plaintiffs. The Ex Parte Orders were continued to the date of the

 hearing.

¶6 At the hearing regarding Plaintiffs’ DVPO motions on 23 September 2020,

 Plaintiffs separately testified as follows: Defendant gets up close and in their faces,

 threatens physical assault, and scares them; Defendant threatened to knock one
 D.C. V. D.C.; E.C. V. D.C.

 2021-NCCOA-493

 Opinion of the Court

 Plaintiff’s teeth out; Plaintiffs believe Defendant would actually physically harm

 them; and they believe Defendant would continue her behavior if Plaintiffs returned

 to her home. Defendant did not present any evidence.

¶7 The trial court used the DVPO form provided by the Administrative Office of

 the Courts, AOC-CV-306, which provides multiple locations for the trial judge to

 include preprinted and freeform findings of fact, to enter its orders. At the conclusion

 of the bench hearing on Plaintiffs’ motions for a DVPO, the trial court entered its

 orders on the form entitled Domestic Violence Order of Protection for each plaintiff on

 23 September 2020 (“Orders”). In the Orders, the trial court did not make any

 findings of fact other than who was present at the hearing, concluded that each

 Plaintiff “failed to prove grounds for issuance of a [DVPO],” and dismissed the action,

 declaring “any ex parte order issued in this case [] null and void.”

¶8 After the parties rested at the hearing, the trial court made the following

 comments in open court2:

 2 Plaintiffs raise concerns in their briefs suggesting that the trial court
 misapprehended the law. We note that on the cold record the trial court’s statements could
 be interpreted as a misapprehension or misapplication of the law. However, due to our
 resolution of this appeal, we need not address this issue and believe it is quite possible that
 the comments were made in a conversational style in order to politely engage with the
 litigants and were not an expression of any misconceptions that the trial court may have had.
 In order to fully dispel any concerns upon remand, we provide the following observations.
 First, Chapter 50 and Chapter 50B actions are not mutually exclusive. See N.C.G.S. § 50B-
 7(a) (2019) (emphasis added) (“The remedies provided by [Chapter 50B] are not exclusive but
 are additional to remedies provided under Chapter 50 and elsewhere in the General
 D.C. V. D.C.; E.C. V. D.C.

 2021-NCCOA-493

 Opinion of the Court

 Honestly, [Defendant’s] conduct is not conducive to
 working these things out as [they] need to be worked out
 for the benefit of [Plaintiffs]. I suspect [Defendant] now
 realizes that, but I think this is a Chapter 50 [custody
 dispute] case, [Plaintiffs’ counsel]. This is not a Chapter
 [50B domestic violence] case. There’s -- if it were [a
 Chapter 50B case], virtually every parent ever would be in
 the courtroom.

 What I heard from [Plaintiffs], and I commend you for
 taking your feelings and trying to do the right thing, I don’t
 think this is the right thing. I appreciate that you’re
 looking out after yourselves, both of you young people, but
 this is a situation where a parent, and [Defendant] is in a
 position of a parent, has been somewhat out of control, but
 I don’t see that this is much different than what at least 50
 percent of all parents have done, stupidly, but this is [a]
 Chapter 50 action. I’m going to deny the orders in all cases.

¶9 Both Plaintiffs timely appealed. In this consolidated appeal,3 Plaintiffs argue

 each “Order is [facially] defective as the trial court made no findings of fact.”

 Plaintiffs also argue the trial court’s “comments . . . at the hearing reveal that [its]

 basis for denying [Plaintiffs’] claims ha[d] no basis in law or fact.”

 ANALYSIS

¶ 10 Typically, “[w]hen the trial court sits without a jury regarding a DVPO, the

 Statutes.”). Second, if a trial court determines that an act qualifying as domestic violence
 occurred, the trial court is required to issue a DVPO. See N.C.G.S. § 50B-3(a) (2019)
 (emphasis added) (“If the [trial] court . . . finds that an act of domestic violence has occurred,
 the [trial] court shall grant a [DVPO] restraining the defendant from further acts of domestic
 violence.”).
 3 Although Plaintiffs pursued two separate appeals, COA21-140 and COA21-141,

 given the similarity of the facts and issues, and for purposes of judicial economy, we
 consolidate the appeals.
 D.C. V. D.C.; E.C. V. D.C.

 2021-NCCOA-493

 Opinion of the Court

 standard of review on appeal is whether there was competent evidence to support the

 trial court’s findings of fact and whether its conclusions of law were proper in light of

 such facts.” Kennedy v. Morgan, 221 N.C. App. 219, 220-21, 726 S.E.2d 193, 195

 (2012). However, Rule 52(a)(1) of the North Carolina Rules of Civil Procedure

 requires, “[i]n all actions tried upon the facts without a jury or with an advisory jury,

 the [trial] court shall find the facts specially and state separately its conclusions of

 law thereon and direct the entry of the appropriate judgment.” N.C.G.S. § 1A-1, Rule

 52(a)(1) (2019).

¶ 11 Our Supreme Court has interpreted this requirement as follows:

 Where, as here, the trial court sits without a jury, the judge
 is required to find the facts specially and state separately
 its conclusions of law thereon and direct the entry of the
 appropriate judgment. The purpose of the requirement
 that the [trial] court make findings of those specific facts
 which support its ultimate disposition of the case is to
 allow a reviewing court to determine from the record
 whether the judgment – and the legal conclusions which
 underlie it – represent a correct application of the law. The
 requirement for appropriately detailed findings is thus not
 a mere formality or a rule of empty ritual; it is designed
 instead to dispose of the issues raised by the pleadings and
 to allow the appellate courts to perform their proper
 function in the judicial system.

 ....

 In the absence of such findings, this Court has no means of
 determining whether the order is adequately supported by
 competent evidence. It is not enough that there may be
 evidence in the record sufficient to support findings which
 D.C. V. D.C.; E.C. V. D.C.

 2021-NCCOA-493

 Opinion of the Court

 could have been made. The trial court must itself
 determine what pertinent facts are actually established by
 the evidence before it, and it is not for an appellate court to
 determine de novo the weight and credibility to be given to
 evidence disclosed by the record on appeal.

 ....

 Our decision to remand this case for further evidentiary
 findings is not the result of an obeisance to mere
 technicality. Effective appellate review of an order entered
 by a trial court sitting without a jury is largely dependent
 upon the specificity by which the order’s rationale is
 articulated. Evidence must support findings; findings
 must support conclusions; conclusions must support the
 judgment. Each step of the progression must be taken by
 the trial judge, in logical sequence; each link in the chain
 of reasoning must appear in the order itself. Where there
 is a gap, it cannot be determined on appeal whether the
 trial court correctly exercised its function to find the facts
 and apply the law thereto.

 Coble v. Coble, 300 N.C. 708, 712-14, 268 S.E.2d 185, 188-90 (1980) (emphases added

 and original emphases omitted) (marks and citations omitted).

¶ 12 Here, the trial court failed to make any findings of fact, much less specific

 findings, in the Orders. It was required to enter findings of fact supporting its

 conclusions of law that each Plaintiff “failed to prove grounds for issuance of a

 [DVPO].” Such a failure to make findings of fact prevents us from conducting

 meaningful appellate review, and we must vacate the Orders and remand to the trial

 court for the entry of orders that comply with the North Carolina Rules of Civil

 Procedure and our caselaw.
 D.C. V. D.C.; E.C. V. D.C.

 2021-NCCOA-493

 Opinion of the Court

 CONCLUSION

¶ 13 The importance of the policy behind the rule in Coble is clear here, where the

 trial court included no findings of fact in the Orders denying Plaintiffs’ motions for

 DVPOs. We vacate the Orders due to the failure to make findings of fact, and we

 remand for entry of new orders that include findings of fact and conclusions of law

 based on those findings.

 VACATED AND REMANDED.

 Judges ARROWOOD and GRIFFIN concur.